IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION

No. 4:10-CV-70-BO

| | |
|---|---|
| WEEKS MARINE, INC. and ATLANTIC SOUNDING COMPANY, INC., ) ) ) Plaintiffs, ) ) v. ) ) STEVE K. POHLER, ) ) Defendant. ) ) | ORDER |

This matter is before the Court on Defendants' Motion to Dismiss Plaintiff's Complaint. The Motion is GRANTED.

Facts

Defendant suffered a back injury in North Carolina while working as an engineer and deckhand on the tugboat M/V Elizabeth, owned and operated by Weeks Marine, Inc. Subsequently, the Defendant filed an action with the North Carolina Industrial Commission under the North Carolina Workers' Compensation Act on December 22, 2009. Proceedings before the Commission are ongoing.

Plaintiff now asks this Court for declaratory judgement stating that Defendant is a seaman and federal law preempts his recovery under North Carolina Worker's Compensation, as federal law is a seaman's exclusive remedy for employment injuries. 28 U.S.C. 2201, N.C. Gen Stat. 1-253. Plaintiff also seeks attorney fees.

1

## Discussion

The Court dismisses Defendant's complaint. The Younger v. Harris doctrine holds that a federal court should abstain from interfering in a state proceeding, even though it has jurisdiction to reach the merits, if there is (1) an ongoing state judicial proceeding, instituted prior to any substantial progress in the federal proceeding; that (2) implicates important, substantial, or vital state interests, and (3) provides an adequate opportunity for the plaintiff to raise the federal claim advanced in the federal suit. This doctrine also extends to state administrative proceedings. Potomac Elec. Po. Co. v. Sachs, et. al., 802 F.2d 1527 (4th Cir. 1986) (citing Ohio Civil Rights Commission v. Dayton Christian Schools, 477 U.S. 619 (1986)). The only exceptions to the Younger Doctrine are showing of bad faith, harassment, or some other extraordinary circumstances that would make abstention inappropriate. Middlesex County Ethics Committee v. Garden State Bar Ass'n, 457 U.S. 423, 435 (1982).

Here, the Plaintiff seeks to interrupt an ongoing proceeding in the North Carolina Industrial Commission that implicates the state's substantial interest in providing redress to workers injured within its territorial limits. Plaintiff has already raised its preemption challenge to the Commission, and the Commission is fully capable of determining this issue. In addition, the Court finds no extraordinary circumstances present. The Court thus abstains from involvement in the state proceedings.

Accordingly, the case is DISMISSED.

SO ORDERED, this __19__ day of October, 2010.

                                       TERRENCE W. BOYLE
                                       UNITED STATES DISTRICT JUDGE

3